| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON ) | |
| Jay Connor, individually and as the representative of a class of similarly-situated persons, ) | CIVIL ACTION COVERSHEET |
| **Plaintiff(s)** ) | 2012-CP - 10- 4556 |
| **vs.** ) | |
| Richard Macrae a/k/a Chips Macrae, ) | |
| **Defendant(s)** ) | |

| | |
|---|---|
| (Please Print) | SC Bar #: **7051** |
| Submitted By: **John G. Felder, Jr.** | Telephone #: **(803) 779-0100** |
| Address: **1517 Hampton Street** | Fax #: **(803) 256-0702** |
| **Columbia, South Carolina 29201** | Other: |
| | E-mail: **jfelder@mcgowanhood.com** |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*
### *If Action is Judgment/Settlement do not complete*

- ☒ **JURY TRIAL** demanded in complaint.     ☐ **NON-JURY TRIAL** demanded in complaint.
- ☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- ☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- ☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20____-CP-____-_____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture—Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Other (899) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | ☐ Other (799) | | ☐ Public Service Commission (990) |
| | | | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | |
|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (999) |
| ☒ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | |
| | ☐ Sexual Predator (510) | |

**Submitting Party Signature:** _____     **Date:** 7/16/12

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (01/2010)                                                                 Page 1 of 2

## FOR MANDATED ADR COUNTIES ONLY
Allendale, Anderson, Beaufort, Colleton, Florence, Greenville, Hampton, Horry,
Jasper, Lexington, Pickens (Family Court Only), Richland, Union and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE
DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1.  The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2.  The initial ADR conference must be held within 300 days after the filing of the action.

3.  Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4.  Cases are exempt from ADR only upon the following grounds:

    a.  Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b.  Requests for temporary relief;

    c.  Appeals

    d.  Post Conviction relief matters;

    e.  Contempt of Court proceedings;

    f.  Forfeiture proceedings brought by governmental entities;

    g.  Mortgage foreclosures; and

    h.  Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5.  In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6.  Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**    **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON | OF THE NINTH JUDICIAL CIRCUIT |

JAY CONNOR, individually and as the
representative of a class of
similarly-situated persons,

    Plaintiff,

-vs-

RICHARD MACRAE, a/k/a
CHIPS MACRAE,

    Defendant.

Civil Action Number: 2012-CP-10- **4556**

**SUMMONS**

2012 JUL 12 PM 4:21
JULIE J. ARMSTRONG
CLERK OF COURT
BY

FILED

**TO:    THE DEFENDANT ABOVE NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action,

a copy of which is herewith served upon you, and to serve a copy of your answer to the said

Complaint on the subscriber at his office at 1517 Hampton Street, Columbia, South Carolina

29201 within thirty (30) days after the service hereof, exclusive of the day of such service; and,

if you fail to appear and defend by filing an Answer to the Complaint within the time aforesaid,

judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted,

John G. Felder, Jr.
McGOWAN, HOOD & FELDER
1517 Hampton St.
Columbia, SC 29201
Telephone:  803/779-0100

Brian J. Wanca
ANDERSON + WANCA

1

3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

ATTORNEYS FOR PLAINTIFF

July 10 , 2012.

2

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF CHARLESTON | ) | OF THE NINTH JUDICIAL CIRCUIT |

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF CHARLESTON ) OF THE NINTH JUDICIAL CIRCUIT
)
JAY CONNOR, individually and as the )
representative of a class of ) Civil Action Number: 2012-CP-10-4556
similarly-situated persons, )
)
Plaintiff, )
)
-vs- ) **COMPLAINT**
)
RICHARD MACRAE, a/k/a )
CHIPS MACRAE, )
)
Defendant. )
_____ )

2012 JUL 12 PM 4:21
JULIE J. ARMSTRONG
CLERK OF COURT
BY—
FILED

## CLASS ACTION COMPLAINT

Plaintiff, JAY CONNOR ("Plaintiff") brings this action on behalf of himself and all other persons similarly situated, through his attorneys, and except as to those allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, RICHARD MACRAE a/k/a CHIPS MACRAE ("Defendant").

### PRELIMINARY STATEMENT

1.      Plaintiff Jay Conner brings this action to secure redress for Defendant's violations of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693, *et seq.*, and implementing Federal Reserve Board Regulation E, 12 C.F.R. part 205.

### JURISDICTION AND VENUE

2.      Jurisdiction is conferred by S.C. Code Ann. § 36-2-803 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

3.      Venue is proper in Charleston County pursuant to S.C. Code §15-7-30, *et seq.* because the tortious acts took place in Charleston County, South Carolina.

## PARTIES

4.      Plaintiff is a South Carolina resident.

5.      Defendant Richard Macrae a/k/a Chips Macrae operates automated teller machines ("ATM") at Charleston City Market, 188 Meeting Street, Charleston, South Carolina 29401.

6.      Defendant is an ATM operator, as that term is defined by 12 C.F.R. § 205.16(a), which states: "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which the inquiry is made."

## FACTS

### A.  City Market ATM #1

7.      On November 3, 2011, Plaintiff conducted an electronic fund transfer ("EFT") at the ATM operated by Chips Macrae at the Charleston City Market, 188 Meeting Street, Charleston, South Carolina 29401.

8.      At the time of the electronic transaction, Plaintiff did not maintain any accounts with Defendant.

9.      Any transaction carried out through an ATM is governed by EFTA.  15 U.S.C. § 1693a(6), provides:

> the term "electronic fund transfer" means any transfer of funds, other than
> a transaction originated by check, draft, or similar paper instrument, which
> is initiated through an electronic terminal, telephonic instrument, or
> computer or magnetic tape so as to order, instruct, or authorize a financial
> institution to debit or credit an account. Such term includes, but is not
> limited to, point-of-sale transfers, automated teller machine transactions....

2

10.    Plaintiff was charged a fee by the ATM. A redacted copy of the receipt issued to Plaintiff is attached as Exhibit A.

11.    At the time of the transaction, there was no notice posted "on or at" the ATM operated by Defendant apprising the consumer that a fee would be charged for use of the ATM. Photographs of the ATM are attached as Exhibit B.

**B. City Market ATM #2**

12.    On October 18, 2011, Plaintiff conducted an EFT at the ATM operated by Chips Macrae at the Charleston City Market, 188 Meeting Street, #2, Charleston, South Carolina 29401.

13.    At the time of the electronic transaction, Plaintiff did not maintain any accounts with the Defendant.

14.    Any transaction carried out through an ATM is governed by EFTA. 15 U.S.C. § 1693a(6).

15.    Plaintiff was charged a fee by the ATM. A redacted copy of the receipt issued to Plaintiff is attached as Exhibit C.

16.    At the time of the transaction, there was no notice posted "on or at" the ATM operated by Defendant apprising the consumer that a fee would be charged for use of the ATM. Photographs of the ATM are attached as Exhibit D.

**C. City Market ATM #3**

17.    On November 10, 2011, Plaintiff conducted an EFT at the ATM operated by Chips Macrae at the Charleston City Market, 188 Meeting Street, #3, Charleston, South Carolina 29401.

18.    At the time of the electronic transaction, Plaintiff did not maintain any accounts with the Defendant.

19.    Any transaction carried out through an ATM is governed by EFTA.  15 U.S.C. § 1693a(6).

20.    Plaintiff was charged a fee by the ATM.  A redacted copy of the receipt issued to Plaintiff is attached as Exhibit E.

21.    At the time of the transaction, there was no notice posted "on or at" the ATM operated by Defendant apprising the consumer that a fee would be charged for use of the ATM. Photographs of the ATM are attached as Exhibit F.

## FOR A FIRST CAUSE OF ACTION
## ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. §1693
## AS TO CITY MARKET ATM #1

22. Plaintiff realleges and incorporates by reference the allegations set forth above.

23.    EFTA imposes certain disclosure requirements upon operators of ATMs. Pursuant to 15 U.S.C. § 1693b(d)(3)(A), any ATM operator who imposes fees on consumers in connection with EFTs is required to provide notice of the fact that the fee is being imposed and the amount of the fee.

24.    15 U.S.C. § 1693b(d)(3)(B) identifies the location where the required notice must be posted, as follows:

(B)    Notice requirements

(i)    On the machine

The notice required under clause (i) of subparagraph (A) with respect to any fee described in such paragraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

(ii)    On the screen

4

The notice required under clauses (i) and (ii) subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction…

25.      The relevant implementing regulation, 12 C.F.R. § 205.16(c), reinforces EFTA's statutory posting requirement, mandating that the mandatory fee notice: 1) be posted in a "prominent and conspicuous location" on or at the ATM machine; and 2) "on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying the fee." 12 C.F.R. § 215.16(c)(1) and (2).

26.      15 U.S.C. § 1693b(d)(3)(c), and its implementing regulation, 12 C.F.R. 205.16(e), prohibit ATM operators from imposing a fee on a consumer unless EFTA's notice and posting requirements are followed by the ATM operator.    Specifically, 15 U.S.C. § 1693b(d)(3)(c) provides, in relevant part:

(C)      Prohibition on fees not properly disclosed and explicitly assumed by the consumer.

No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless –

(i)      The consumer receives such notice in accordance with subparagraph (B):

(ii)      the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice

27.      12 C.F.R. 205.16(e) provides as follows:

Imposition of a fee. An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if

(1)      The consumer is provided the notices required under paragraph (c) of this section, and

(2)      The consumer elects to continue the transaction or inquiry after receiving such notices.

5

28.    Defendants did not post a notice on or at the ATM that complied with 15 U.S.C. § 1693(b) and 12 C.F.R. §205.16(c)(1). *See* Exhibit B.

29.    Plaintiff was charged $3.25 by the ATM. *See* Exhibit A.

30.    The imposition of the charge is unlawful.

31.    EFTA, 15 U.S.C. §1693m, provides:

(a) Individual·or class action for damages; amount of award.

Except as otherwise provided by this section and section 1693h of this title, any person who fails to comply with any provision of this subchapter with respect to any consumer, except for an error resolved in accordance with section 1693f of this title, is liable to such consumer in an amount equal to the sum of

(1)    any actual damage sustained by such consumer as a result of such failure;

(2) (A) in the case of an individual action, an amount not less than $100 nor greater than $1,000; or

(B) in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $ 500,000 or 1 per centum of the net worth of the defendant; and

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action together with a reasonable attorneys' fee, as determined by the court.

## FOR A SECOND CAUSE OF ACTION
## ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. §1693
## AS TO CITY MARKET ATM #2

32.    Plaintiff realleges and incorporates by reference the allegations set forth above.

33.    EFTA imposes certain disclosure requirements upon operators of ATMs. Pursuant to 15 U.S.C. § 1693b(d)(3)(A), any ATM operator who imposes fees on consumers in

connection with EFTs is required to provide notice of the fact that the fee is being imposed and the amount of the fee.

34.    15 U.S.C. § 1693b(d)(3)(B) identifies the location where the required notice must be posted, as follows:

(B)    Notice requirements

(i)    On the machine

The notice required under clause (i) of subparagraph (A) with respect to any fee described in such paragraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

(ii)    On the screen

The notice required under clauses (i) and (ii) subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction…

35.    The relevant implementing regulation, 12 C.F.R. § 205.16(c), reinforces EFTA's statutory posting requirement, mandating that the mandatory fee notice: 1) be posted in a "prominent and conspicuous location" on or at the ATM machine; and 2) "on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying the fee." 12 C.F.R. § 215.16(c)(1) and (2).

36.    15 U.S.C. § 1693b(d)(3)(c), and its implementing regulation, 12 C.F.R. 205.16(e), prohibit ATM operators from imposing a fee on a consumer unless EFTA's notice and posting requirements are followed by the ATM operator.  Specifically, 15 U.S.C. § 1693b(d)(3)(c) provides, in relevant part:

(C)    Prohibition on fees not properly disclosed and explicitly assumed by the consumer.

7

No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless –

(ii)    The consumer receives such notice in accordance with subparagraph (B):

(ii)    the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice

37.    12 C.F.R. 205.16(e) provides as follows:

Imposition of a fee. An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if

(3)    The consumer is provided the notices required under paragraph (c) of this section, and

(4)    The consumer elects to continue the transaction or inquiry after receiving such notices.

38.    Defendants did not post a notice on or at the ATM that complied with 15 U.S.C. § 1693(b) and 12 C.F.R. §205.16(c)(1). *See* Exhibit B.

39.    Plaintiff was charged $3.25 by the ATM. *See* Exhibit A.

40.    The imposition of the charge is unlawful.

41.    EFTA, 15 U.S.C. §1693m, provides:

(a) Individual or class action for damages; amount of award.

Except as otherwise provided by this section and section 1693h of this title, any person who fails to comply with any provision of this subchapter with respect to any consumer, except for an error resolved in accordance with section 1693f of this title, is liable to such consumer in an amount equal to the sum of

(2)    any actual damage sustained by such consumer as a result of such failure;

(2) (A) in the case of an individual action, an amount not less than $100 nor greater than $1,000; or

(B) in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any

8

class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $ 500,000 or 1 per centum of the net worth of the defendant; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action together with a reasonable attorneys' fee, as determined by the court.

## FOR A THIRD CAUSE OF ACTION
## ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. §1693
## AS TO CITY MARKET ATM #3

42.    Plaintiff realleges and incorporates by reference the allegations set forth above.

43.    EFTA imposes certain disclosure requirements upon operators of ATMs. Pursuant to 15 U.S.C. § 1693b(d)(3)(A), any ATM operator who imposes fees on consumers in connection with EFTs is required to provide notice of the fact that the fee is being imposed and the amount of the fee.

44.    15 U.S.C. § 1693b(d)(3)(B) identifies the location where the required notice must be posted, as follows:

(B)    Notice requirements

(i)    On the machine

   The notice required under clause (i) of subparagraph (A) with respect to any fee described in such paragraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

(ii)    On the screen

   The notice required under clauses (i) and (ii) subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction...

45.    The relevant implementing regulation, 12 C.F.R. § 205.16(c), reinforces EFTA's statutory posting requirement, mandating that the mandatory fee notice: 1) be posted in a

"prominent and conspicuous location" on or at the ATM machine; and 2) "on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying the fee." 12 C.F.R. § 215.16(c)(1) and (2).

46.     15 U.S.C. § 1693b(d)(3)(c), and its implementing regulation, 12 C.F.R. 205.16(e), prohibit ATM operators from imposing a fee on a consumer unless EFTA's notice and posting requirements are followed by the ATM operator.   Specifically, 15 U.S.C. § 1693b(d)(3)(c) provides, in relevant part:

> (C)     Prohibition on fees not properly disclosed and explicitly assumed by the consumer.
>
> No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless –
>
> (iii)     The consumer receives such notice in accordance with subparagraph (B):
>
> (ii)     the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice

47.     12 C.F.R. 205.16(e) provides as follows:

> Imposition of a fee.  An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if
>
> (5)     The consumer is provided the notices required under paragraph (c) of this section, and
>
> (6)     The consumer elects to continue the transaction or inquiry after receiving such notices.

48.     Defendants did not post a notice on or at the ATM that complied with 15 U.S.C. § 1693(b) and 12 C.F.R. §205.16(c)(1).  *See* Exhibit B.

49.     Plaintiff was charged $3.25 by the ATM.  *See* Exhibit A.

50.     The imposition of the charge is unlawful.

51.      EFTA, 15 U.S.C. §1693m, provides:

(a) Individual or class action for damages; amount of award.

Except as otherwise provided by this section and section 1693h of this title, any person who fails to comply with any provision of this subchapter with respect to any consumer, except for an error resolved in accordance with section 1693f of this title, is liable to such consumer in an amount equal to the sum of

> (3)    any actual damage sustained by such consumer as a result of such failure;

> (2) (A) in the case of an individual action, an amount not less than $100 nor greater than $1,000; or

> (B) in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $ 500,000 or 1 per centum of the net worth of the defendant; and

> (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action together with a reasonable attorneys' fee, as determined by the court.

## CLASS ALLEGATIONS

52.    In accordance with Rule 23 of the South Carolina Rules of Civil Procedure,

Plaintiff brings this claim on behalf of the following classes of persons:

a) **City Market ATM #1 Class**: All persons (a) who used an ATM operated by Defendant at Charleston City Market, 188 Meeting Street, Charleston, South Carolina  29401 and (b) were charged a fee (c) while the ATM was not posted with a fee notice (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

b) **City Market ATM #2 Class**: All persons All persons (a) who used an ATM operated by Defendant at Charleston City Market #2, 188 Meeting Street, Charleston, South Carolina  29401 and (b) were charged a fee (c) while the ATM was not posted with a fee notice (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

c) **City Market ATM #3 Class**: All persons (a) who used an ATM operated by Defendant at Charleston City Market #3, 188 Meeting Street, Charleston, South Carolina  29401 and (b) were charged a fee (c) while the ATM was not posted

with a fee notice (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

53.    On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

54.    There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether Defendant's ATMs were posted with the notices required by law.

55.    Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

56.    Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of consumer credit claims and class actions.

57.    A class action is superior for the fair and efficient prosecution of this litigation. Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, Plaintiff JAY CONNOR, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant RICHARD MACRAE a/k/a CHIPS MACRAE, as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the classes, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award Plaintiff and the members of the class of statutory damages;

C.    That the Court award reasonable attorneys' fees, litigation expenses and costs of the suit; and

D.    Such equitable and other relief as this Court deems just and proper.

**[SIGNATURE PAGE TO FOLLOW]**

12

Respectfully submitted,

JAY CONNOR, individually and as the representative of a class of similarly-situated persons

By: _____

John G. Felder, Jr.
McGOWAN, HOOD & FELDER
1517 Hampton St.
Columbia, SC 29201
Telephone: 803/779-0100


Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

ATTORNEYS FOR PLAINTIFF


July 10, 2012.

13

# McGowan, Hood & Felder, LLC



Chad A. McGowan (SC, GA, NC)
S. Randall Hood
John G. Felder, Jr.
W. Jones Andrews, Jr.
Jordan C. Calloway
Susan F. Campbell
Deborah Casey
Ashley Creech
Christy M. DeLuca
Lara Pettiss Harrill

Patrick M. Killen
T. Travis Medlock
William A. McKinnon (SC, DC)
Daniel "Ernie" Peagler
Robert V. Phillips
Seth Rose
James Stephen Welch* (SC, OK)
Jay F. Wright
Joseph G. Wright, III*
Of Counsel*

Writer's Email: abrock@mcgowanhood.com

July 10, 2012

The Honorable Julie J. Armstrong
Charleston County Clerk of Court
100 Broad Street, Suite 106
Charleston, SC 29401-2210

     RE:   <u>Jay Connor, individually and as the representative of a class of similarly-situated persons, v. Richard Macrae a/k/a chips Macrae</u>

Dear Ms. Armstrong:

     Enclosed, please find the original and one (1) copy of the Summons and Complaint, including the Civil Action Coversheet and our firm's check in the amount of $150.00 for the filing fee. Please return the clocked copy to me in the envelope provided.

     Thank you for your attention in this matter. Please feel free to contact our office with any questions or concerns.

     With kind regards, I remain

                       Sincerely,

                       Ann B. Brock
                       Paralegal to John G. Felder, Jr.

/ab
enclosure
cc:   Brian Wanca, Esquire

# AFFIDAVIT OF SERVICE

State of South Carolina
County of CHARLESTON
Court of Common Pleas

Civil Action No.: 2012-CP-10-4556

Plaintiff: **Jay Connor, individually and as the representative of a class of similarly-situated persons**
vs.
Defendant: **Richard Macrae a/k/a Chips Macrae**

PERSONALLY APPEARED before me, **Jeff Guthrie**, duly sworn, says that he / she served the following:

**Letter, Civil Action Coversheet, Summons and Complaint**

in this action on **Chips Macrae, 4400 Riverwalk Dr., North Charleston, SC  29405-6893** by handing the process to **Diane Jones** at **4400 Riverwalk Dr., North Charleston, SC  29405-6893** and leaving him / her a copy of same on **July 18, 2012 at 01:27 PM.**

**Recipient Description:**
Caucasian, Female, 5' 6", 120 - 130 lbs, Blonde hair, 50 - 55 years.

**Server Comments:**

**Above person had asked, whether recipient was in the military service of the State or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the recipient is not in the military service of the State or the United States as that term is defined in the statues of the State and the Federal Soldiers and Sailors Civil Relief Act.**

Jeff Guthrie

1 Step Bail Bonds
d/b/a Palmetto Legal Gophers
PO Box 6945
Columbia, SC 29260

Your File/Reference Number:

**Notary Section**

Subscribed and affirmed, or sworn to before me this 20 day of July , 20 ___ .

Notary Public _____
Commission Expires: 10 4 2020

# McGowan, Hood & Felder, LLC



Chad A. McGowan (SC, GA, NC)
S. Randall Hood
John G. Felder, Jr.
W. Jones Andrews, Jr.
Jordan C. Calloway
Susan F. Campbell
Deborah Casey
Ashley Creech
Christy M. DeLuca
Lara Pettiss Harrill

Patrick M. Killen
T. Travis Medlock
William A. McKinnon (SC, DC)
Daniel "Ernie" Peagler
Robert V. Phillips
Seth Rose
James Stephen Welch* (SC, OK)
Jay F. Wright
Joseph G. Wright, III*
Of Counsel*

Writer's Email: abrock@mcgowanhood.com

July 26, 2012

The Honorable Julie J. Armstrong
Charleston County Clerk of Court
100 Broad Street, Suite 106
Charleston, SC 29401-2210

RE:   <u>Jay Connor, individually and as the representative of a class of similarly-situated persons, v. Richard Macrae a/k/a chips Macrae</u>
        Civil Action No.: 2012-CP-10-4556

Dear Ms. Armstrong:

Enclosed, please find two originals of the Affidavit of Service showing when the filed Summons and Complaint was served upon the Defendant in the above referenced matter. Please return a clocked copy to me in the envelope provided.

Thank you for your attention in this matter. Please feel free to contact our office with any questions or concerns.

With kind regards, I remain

Sincerely,

Ann B. Brock
Paralegal to John G. Felder, Jr.

/ab
enclosure

1517 Hampton Street, Columbia, SC 29201 · Tel: 803·779·0100 · Fax: 803·256·0702
Rock Hill · Columbia · Anderson · Sumter
www.mcgowanhood.com

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | |
| | ) | CASE NO.: 2012 -CP-10-4556 |
| | ) | |
| JAY CONNOR, individually and as the | ) | **MOTION AND ORDER INFORMATION** |
| representative of a class of similarly-situated | ) | |
| persons, | | |
| Plaintiff, | ) | **FORM AND COVERSHEET** |
| vs. | ) | |
| | ) | |
| RICHARD   MACRAE   a/k/a   CHIPS | ) | |
| MACRAE, | | |
| Defendant. | ) | |

| Plaintiff's Attorney: | Defendant's Attorney: |
|---|---|
| John G. Felder, Jr., Bar No. 7051 | _____, Bar No. _____ |
| Address: | Address: |
| 1517 Hampton St, Columbia, SC 29201 | _____ |
| Phone: 803-779-0100Fax 803-256-0702 | Phone: _____ Fax_____ |
| E-mail: jfelder@mcgowanhood.comOther: _____ | E-mail: _____Other: _____ |

☒**MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)**
☐**FORM MOTION, NO HEARING REQUESTED (complete SECTIONS II and III)**
☐**PROPOSED ORDER/CONSENT ORDER (complete SECTIONS II and III)**

**SECTION I: Hearing Information**

Nature of Motion: Motion for Class Certification

Estimated Time Needed: 30 minutes          Court Reporter Needed:   ☒YES/☐ NO

**SECTION II: Motion/Order Type**

☐Written motion attached
☐Form Motion/Order
     I hereby move for relief or action by the court as set forth in the attached proposed order.


_____          _____
          Signature of Attorney for ☐ Plaintiff /☐ Defendant        Date submitted

**SECTION III: Motion Fee**

☒ PAID – AMOUNT: $ 25.⁰⁰
☐ EXEMPT:              ☐ Rule to Show Cause in Child or Spousal Support
     (check reason)     ☐ Domestic Abuse or Abuse and Neglect
                              ☐ Indigent Status    ☐ State Agency v. Indigent Party
                              ☐ Sexually Violent Predator Act    ☐ Post-Conviction Relief
                              ☐ Motion for Stay in Bankruptcy
                              ☐ Motion for Publication    ☐ Motion for Execution (Rule 69, SCRCP)
                              ☐ Proposed order submitted at request of the court; or,
                                   reduced to writing from motion made in open court per judge's instructions
                              Name of Court Reporter: _____
                              ☐ Other: _____

| **JUDGE'S SECTION** | |
|---|---|
| ☐ Motion Fee to be paid upon filing of the attached order. | JUDGE CODE _____ |
| ☐ Other: _____ | Date: _____ |

**CLERK'S VERIFICATION**


Collected by:_____     Date Filed: _____
☐ MOTION FEE COLLECTED: $ _____

☐ CONTESTED – AMOUNT DUE: $ _____

SCCA 233 (11/2003)

**STATE OF SOUTH CAROLINA** )    **IN THE COURT OF COMMON PLEAS**
**COUNTY OF CHARLESTON** )    **OF THE NINTH JUDICIAL CIRCUIT**
                                    )
JAY CONNOR, individually and as the )
representative of a class of similarly- )    Civil Action Number: 2012-CP-10-4556
situated persons, )
                                    )
            Plaintiff, )
                                    )
                                    )    **MOTION FOR CLASS CERTIFICATION**
            -vs- )
                                    )
RICHARD MACRAE, a/k/a )
CHIPS MACRAE )
                                    )
            Defendants. )
_____ )

2012 AUG 13  PM 1:44
JULIE J. ARMSTRONG
CLERK OF COURT
FILED

## <u>PLAINTIFF'S MOTION FOR CLASS CERTIFICATION</u>

Plaintiff, JAY CONNOR., by his attorneys, respectfully moves this Court, pursuant to

Rule 23 of the South Carolina Rules of Civil Procedure, to certify for class action treatment the

following class, as described in Plaintiff's Class Action Complaint:

a) **City Market ATM #1 Class**: All persons (a) who used an ATM operated by Defendant
   at Charleston City Market, 188 Meeting Street, Charleston, South Carolina 29401 and (b)
   were charged a fee (c) while the ATM was not posted with a fee notice (d) during a
   period beginning one year prior to the filing of this action and ending 20 days after the
   filing of this action.

b) **City Market ATM #2 Class**: All persons All persons (a) who used an ATM operated by
   Defendant at Charleston City Market #2, 188 Meeting Street, Charleston, South
   Carolina 29401 and (b) were charged a fee (c) while the ATM was not posted with a fee notice (d)
   during a period beginning one year prior to the filing of this action and ending 20 days
   after the filing of this action.

c) **City Market ATM #3 Class**: All persons (a) who used an ATM operated by Defendant at Charleston
   City Market #3, 188 Meeting Street, Charleston, South Carolina 29401 and
   (b) were charged a fee (c) while the ATM was not posted with a fee notice (d) during a
   period beginning one year prior to the filing of this action and ending 20 days after the
   filing of this action.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, JAY CONNOR., prays that this court enter an order pursuant to Rule 23 of the South Carolina Rules of Civil Procedure certifying for class treatment the classes set forth herein.

Respectfully submitted,

JAY     CONNOR,     individually     and     as     the representative     of     a     class     of     similarly-situated persons

By:     _____

John G. Felder, Jr.
McGOWAN, HOOD & FELDER
1517 Hampton St.
Columbia, SC 29201
Telephone: 803/779-0100

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

ATTORNEYS FOR PLAINTIFF

August _7_, 2012.

# McGowan, Hood & Felder, LLC



Chad A. McGowan (SC, GA, NC)
S. Randall Hood
John G. Felder, Jr.
W. Jones Andrews, Jr.
Jordan C. Calloway
Susan F. Campbell
Deborah Casey
Ashley Creech
Christy M. DeLuca
Lara Pettiss Harrill

Patrick M. Killen
T. Travis Medlock
William A. McKinnon (SC, DC)
Daniel "Ernie" Peagler
Robert V. Phillips
Seth Rose
James Stephen Welch* (SC, OK)
Jay F. Wright
Joseph G. Wright, III*
Of Counsel*

Writer's Email: abrock@mcgowanhood.com

August 9, 2012

The Honorable Julie J. Armstrong
Charleston County Clerk of Court
100 Broad Street, Suite 106
Charleston, SC 29401-2210

RE:  <u>Jay Connor, individually and as the representative of a class of similarly-situated
persons, v. Richard Macrae a/k/a chips Macrae</u>
Civil Action No.: 2012-CP-10-4556

Dear Ms. Armstrong:

Enclosed, please find the original and one (1) copy of the Motion for Class Certification
in the above referenced matter. Please return a clocked copy to me in the envelope provided.

Thank you for your attention in this matter. Please feel free to contact our office with any
questions or concerns.

With kind regards, I remain

Sincerely,

Ann B. Brock
Paralegal to John G. Felder, Jr.

/ab
enclosure